**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Cindy Lou ECKENBERG, Defendant.**

**Case No. 6:11–cr–60107–AA.**

United States District Court,
D. Oregon.

Jan. 16, 2013.

Stephen H. Gunnels, Deschutes County, District Attorney's Office, Bend, OR, AnneMarie Sgarlata, U.S. Attorney's Office, Portland, OR, for Plaintiff.

## ORDER

ANN L. AIKEN, District Judge.

### Introduction

Third party Todd & Shannon, LLP (petitioner), an Oregon law firm, moves to reopen the ancillary forfeiture proceeding and for relief from the judgment in this matter. [# 29]. Petitioner argues that pursuant to its contingent agreement with defendant, it is entitled to one third of the property forfeited in the instant matter. [# 30–p.2, Ex.A].

### Background

On August 25, 2011, Cindy Eckenberg (defendant) was indicted on two federal grand jury charges: one Count of Possession with Intent to Deliver Methamphetamine and one Count of Possession with Intent to Distribute Cocaine. [# 1]. The indictment contained a forfeiture allegation. [# 1–p.2]. On April 3, 2012, the gov-

ernment filed a Bill of Particulars which provided notice of it's intent to seek forfeiture of defendant's 2005 Jeep Wrangler, $53,039 cash, and a Green Dot account containing $1,063.88. [# 12].

On August 4, 2011, defendant retained petitioner on a contingent basis, to defend a separate Crook County, Oregon, civil forfeiture action involving the same property. [# 30–p.1, Exs. A and B]. Days later, on August 7, 2012, defendant pleaded guilty to both counts in the federal indictment and pursuant to that plea, agreed to forfeit as drug proceeds the above noted property. [# 18–p.2]. The order of forfeiture was entered on August 7, 2012.[# 19].

Plaintiff published the required notice of criminal forfeiture on its public forfeiture website for the required 30 days. [# 24] The notice required anyone with an interest in the property to file a petition within 60 days of August 16, 2012—in other words, by October 15, 2012. [# 24–Ex.1].

Petitioner did not receive actual notice of the criminal forfeiture and did not timely file a petition asserting a lien on the property. [# 30–p.2]. On December 6, 2012, 52 days after the October deadline, petitioner moved this court to re-open the ancillary forfeiture proceeding and under Fed.R.Civ.P. 60(b) requested relief from the final judgment/order. [# 29].

## Discussion

Petitioner asserts that although its lien predates the government's filing of the instant action, its interest was not due and owing until the Crook County action was dismissed on November 29, 2012. [# 30–p.3]. Petitioner argues that because it did not receive actual notice of the deadline in the federal government forfeiture action and the Crook County case was not dismissed until after the deadline had passed, its failure to timely file a petition is excusable. [# 30–pp.2–3].

The government disagrees arguing that pursuant to the statute, third party claims must be filed within 30 days of the final publication of notice. 21 U.S.C. § 853(n)(2). Because Section 853(b) is the exclusive means for a asserting an interest in forfeitable property, plaintiff contends, petitioner cannot avoid this deadline by filing for relief under Fed.R.Civ.P. 60.

The forfeiture statute provides that any person convicted of a drug-law violation punishable by more than one year of imprisonment "shall forfeit to the United States ... any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation." 21 U.S.C. § 853(a)(1).

Third-party interests in the properties are governed, *inter alia,* by the following provisions:

(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

21 U.S.C. § 853(n)(1), (2).

Thus, the statute establishes a thirty-day window during which any third parties who wish to assert an interest in criminally

forfeited property must file a petition for a hearing. *Id.* § 853(n)(2).

If no third-party petitions are filed, the United States obtains clear title to the property "following the expiration of the period provided in paragraph (2) for the filing of such petitions." 21 U.S.C. § 853(n)(7). Similarly, Rule 32.2(c)(2) provides that a third party who fails to file a timely petition forfeits his interests in the property. Fed.R.Crim.P. 32(c)(2).

■ In this instance, petitioner's request is not only untimely but ignores the terms of it's contingent agreement which limits compensation to "no less than one-third of *any amount collected.*" [# 30–Ex.A] [emphasis added]. In this instance, nothing was collected on behalf of petitioner's client—all her property was forfeited to the government.

■ Finally, the statute's relation back provision states:

"All right, title, and interest in property described in [section 853] vests in the United States upon the commission of the act giving rise to forfeiture under this section."

21 U.S.C. § 853(c). Petitioner therefore lacks standing to bring a claim because the government's interest in the resulting criminal proceeds vested when defendant's offense was committed. Defendant had no right to spend the government's money for services rendered by an attorney (or anyone else). *See e.g., Walters v. National Assn. of Radiation Survivors,* 473 U.S. 305, 370, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985)(the Sixth Amendment's protection of one's right to retain counsel of his choosing ... does not go beyond the individual's right to spend his own money to obtain the advice and assistance of ... counsel).

*Conclusion*

For the foregoing reasons, petitioner's motion to re-open [# 29] is DENIED.

IT IS SO ORDERED.